IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TERENCE JOSE MANNING,            )
                                 )
            Plaintiff,           )
                                 )
      v.                         )      1:20CV8
                                 )
DVA WELL PATH CORRECT CARE       )
SOLUTIONS, et al.,               )
                                 )
            Defendants.          )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant DVA Well Path Correct Care Solutions[1] ("Defendant Well Path"). (Docket Entry 76.) Plaintiff Terence Jose Manning has not responded to Defendant Well Path's motion. For the following reasons, the undersigned recommends that Defendant Well Path's motion to dismiss be granted.

**I. BACKGROUND**

Plaintiff, a *pro se* prisoner proceeding *in forma pauperis*, initiated this action in the Eastern District of North Carolina pursuant to 42 U.S.C. § 1983 on December 23, 2019. (Compl.,

---

[1] According to the arguments contained in this Defendant's supporting brief, "DVA Well Path Correct Care Solutions" is not the proper legal name of this entity. (*See* Docket Entry 77 at 4-5.) However, it is apparent from Defendant Well Path's answer that it is involved in providing medical care to inmates at the Guilford County Detention Center. (*See generally* Docket Entry 78.) As explained below, the undersigned need not address the legal significance of Defendant Well Path's argument that it was improperly named in Plaintiff's complaint because its motion to dismiss should be granted on other grounds.

Docket Entry 1; *see also* Docket Entry 2.) The case was then transferred to this district. (Docket Entries 3, 4.) Plaintiff's complaint raises claims against healthcare provider Defendant Well Path, Guilford County Sheriff Danny Rodgers, and Well Path employee Tanya Cabarrus-Dubois[2] for inadequate and negligent medical care while housed as a pretrial detainee at the Guilford County Detention Center in Greensboro, North Carolina. (*See generally* Compl.)

Specifically, Plaintiff alleges that on July 30, 2019, he attended an appointment with Dr. Haddix to have an "external fixture" taken out of his arm. (*Id.* at 5.)[3] Plaintiff states that he had previously been in a car accident during which he sustained injuries to his arm. (*Id.*) At the appointment, Dr. Haddix allegedly informed Plaintiff that he needed to return in six weeks for further evaluation and to set a date for surgery to insert an artificial bone into Plaintiff's wrist. (*Id.* at 5, 7.) Dr. Haddix also told Plaintiff that he should not "use [his] right hand or do anything to put strain on it." (*Id.* at 7.) Plaintiff states that he made repeated inquiries to the medical staff at the jail between September and November 2019 to determine when his follow-up appointment with Dr. Haddix would occur. (*Id.* at 5-6.) Plaintiff alleges that he wrote two sick call requests regarding the treatment of his wrist without getting any response. (*Id.* at 6.) As of the date that Plaintiff prepared his Complaint (November 18, 2019), he still did not know when he would be seen by Dr. Haddix again. (*Id.* at 6.)

---

[2] Defendant Tanya Cabarrus-Dubois (whose last name is incorrectly spelled "Duvouis" in Plaintiff's complaint) has already been dismissed from this action. (*See* Docket Entries 67, 80.)

[3] All citations in this recommendation refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

2

Plaintiff alleges that due to the delay in treatment, scar tissue began hardening in his wrist, restricting its movement and causing him increasing pain. (*Id.* at 6-7.) He states that his wrist and arm have shrunk because of the brace he wears constantly. (*Id.* at 7.) He alleges further that other inmates have had to feed him because he was unable to do so himself and "the nurses [at the jail] wouldn't do it." (*Id.* at 6.)

In his complaint, Plaintiff indicates that he has not successfully filed a grievance concerning his wrist. (*Id.* at 8.) He alleges that he has requested grievances related to his medical care but has not been given one. (*Id.*) Plaintiff states that inmates only receive a grievance "if the jail staff feels it's a grievable offense." (*Id.* at 7.) He states that he attempted to file a grievance on October 6, 2019 through the jail's kiosk system but received no response. (*Id.* at 8.)

Defendant Well Path was served with a summons via certified mail on January 26, 2021 pursuant to the Court's prior Order. (*See* Docket Entries 67, 72.) Defendant Well Path filed its motion to dismiss and supporting brief on February 16, 2021, along with an answer to Plaintiff's complaint. (Docket Entries 76, 77, 78.) The Clerk of Court issued a *Roseboro* letter to Plaintiff advising him of his right to respond to the motion to dismiss. (Docket Entry 79.) To date, Plaintiff has not filed any response to Defendant Well Path's motion.

## II. DISCUSSION

As an initial matter, because Plaintiff "fail[ed] to file a response [to Defendant's motion to dismiss] within the time required by [this Court's Local Rules], the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." M.D.N.C. LR 7.3(k); *see also Kinetic Concepts, Inc. v. ConvaTec Inc.*, No. 1:08CV918, 2010 WL

3

1667285, at *6-8 (M.D.N.C. Apr. 23, 2010) (unpublished) (analyzing this Court's Local Rules 7.3(f), 7.2(a), and 7.3(k) and discussing authority supporting proposition that failure to respond to argument amounts to concession). "Plaintiff's status as a *pro se* litigant does not excuse his inaction." *Simpson v. Hassan*, No. 1:08CV455, 2014 WL 3547023, at *1 n.4 (M.D.N.C. July 16, 2014) (unpublished). Alternatively, as explained below, the Court should grant Defendant Well Path's motion to dismiss on the merits.

Defendant Well Path contends that Plaintiff's complaint fails to state a claim upon which relief can be granted. (Docket Entries 76, 77.) A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (citations and quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when

accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 8 does not, however, unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id.* at 555 (internal citations omitted).

*Pro se* complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not fantasy," and the Court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998).

In the present case, Defendant Well Path argues that Plaintiff's complaint fails to state a claim against it for six different reasons: 1) Plaintiff's claim for medical malpractice fails to satisfy the requirements of Rule 9(j) of the North Carolina Rules of Civil Procedure; 2) Plaintiff has named an entity that does not exist; 3) Plaintiff has failed to raise any allegations specific to Defendant Well Path; 4) Plaintiff failed to exhaust his administrative remedies; 5) Plaintiff

5

has not alleged that Defendant Well Path is a state actor; and 6) Plaintiff has not alleged a violation of law other than 42 U.S.C. § 1983. (*See generally* Docket Entry 77.)

In general, the undersigned agrees that Plaintiff's complaint fails to state a claim against Defendant Well Path with the requisite specificity. As stated above, to survive a motion to dismiss, a plaintiff's complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests . . . ." Fed. R. Civ. P. 8(2)(a); *Twombly*, 550 U.S. at 555. In keeping with these principles, a plaintiff "must make factual allegations as to each defendant describing how their actions or failure to act violated his rights." *Harris v. Barnes*, No. 1:09CV726, 2009 WL 3585259, at *1 (M.D.N.C. Oct. 26, 2009) (unpublished). Apart from naming Defendant Well Path as a defendant, Plaintiff's complaint includes no further mention of this entity, but refers only generally to "the medical staff" and "the nurses." (*See generally* Compl.) Therefore, Defendant Well Path's motion to dismiss should be granted for this reason. *See Clinton v. Berkeley Cty.*, No. CIV. A. 3:08-CV-10, 2009 WL 35331, at *6 (N.D.W. Va. Jan. 6, 2009) (unpublished) ("[T]he plaintiff makes no specific allegations against any of the named defendants. Thus, the plaintiff fails to state a claim for which relief can be granted and the complaint should be dismissed.") (citing *Weller v. Dept. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990)).

Even assuming Plaintiff's allegations regarding the conduct of "the medical staff" could be liberally construed as raising a constitutional claim for deprivation of medical care against Defendant Well Path, such a claim would fail. Because Plaintiff was a pretrial detainee at the time of the events alleged in his complaint, to the extent he raises a claim for deliberate

6

indifference, it "would be evaluated under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment standard applicable to convicted prisoners." *Shields v. Godfrey*, No. 1:18CV602, 2021 WL 512459, at *5 (M.D.N.C. Feb. 11, 2021) (unpublished) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). "In practice however, the standards are the same for both pretrial detainees and convicted persons." *Id.* (citing *Brown v. Harris*, 240 F. 3d 383, 388-89 (4th Cir. 2001)). Plaintiff must demonstrate that Defendant Well Path acted with "'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Regarding the objective component, a medical need is sufficiently serious if it "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (internal quotations omitted). As for the subjective component, a defendant is deliberately indifferent if they knew that an inmate faced a risk of harm due to a serious medical need and the defendant's "actions were insufficient to mitigate the risk of harm to the inmate arising from [that] medical need[ ]." *Id.* (emphasis and internal quotation marks omitted); *see also Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) ("To prove deliberate indifference, plaintiffs must show that the official knew of and disregarded an excessive risk to inmate health or safety.") (internal quotations omitted).

The deliberate indifference standard is applicable to a private medical provider that contracts with a state to provide medical care to inmates. *Lewis v. Hoke Cty.*, No. 1:17CV987, 2020 WL 5213929, at *10 (M.D.N.C. Sept. 1, 2020) (unpublished) (citing *West v. Atkins*, 487 U.S. 42, 55 (1998) (explaining that a private entity which contracts with the state to provide

7

medical services acts "under color of state law"). However, "a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.,* 195 F.3d 715, 728 (4th Cir. 1999). Thus, "a private corporation is not liable under § 1983 for torts committed by [its employees] when such liability is predicated solely upon a theory of *respondeat superior.*" *Id.*

Here, Plaintiff's complaint alleges that the injury to his arm was diagnosed by Dr. Haddix as requiring treatment. (Compl. at 5.) Plaintiff's complaint alleges that he made countless inquiries to "the medical staff" (purportedly employees of Defendant Well Path who provide medical care at Guilford County Detention Center) regarding his need for treatment, but that the medical staff ignored his inquiries for several months. (*Id.* at 5-7.)

"An unreasonable delay of treatment can constitute deliberate indifference." *Painter v. Perritt*, No. 5:16-CT-3134-BO, 2017 WL 11448670, at *3 (E.D.N.C. July 7, 2017) (unpublished) (citing *Webb v. Hamidullah*, 281 F. App'x 159, 166-167 (4th Cir. 2008). Also relevant to Plaintiff's allegations, the Fourth Circuit has held that the pain resulting from a delay in the treatment of a plaintiff's broken arm amounted to a serious medical need. *See Loe v. Armistead*, 582 F.2d 1291, 1296 (4th Cir. 1978). As such, Plaintiff's complaint (when viewed in the light most favorable to him and with the benefit of all reasonable inferences) plausibly establishes the basic elements of a deliberate indifference claim and plausibly alleges that Defendant Well Path was acting under color of state law by providing medical services to inmates at the Guilford County Detention Center.

However, Defendant Well Path cannot be liable on a theory of *respondeat superior* under § 1983 for the alleged unlawful conduct of "the medical staff" and "the nurses" who may have

8

been its employees. *See* Austin, 195 F.3d at 728. Plaintiff has made no allegations concerning a policy or custom of Defendant Well Path that caused his alleged deprivation of rights, which he must do to prevail on a claim for deliberate indifference against a private corporation. *Id.* Absent such allegations, to the extent his complaint raises a deliberate indifference claim against Defendant Well Path, it should be dismissed. *See Anderson v. S. Health Partners, Inc.,* No. 4:20-CV-00095-M, 2020 WL 6326098, at *4 (E.D.N.C. Oct. 28, 2020) (unpublished) (dismissing plaintiff's claim against a prison medical care provider because he "identifies no policy or custom nor alleges facts supporting any policy or custom on the part of [the medical provider], which allegedly deprived [d]ecedent of his . . . right against deliberate indifference"); *Evans v. S.L.R. Det. Ctr.,* No. CV 4:17-2731-HMH-TER, 2017 WL 6033517, at *3 (D.S.C. Nov. 13, 2017) (unpublished), *report and recommendation adopted*, No. CV 4:17-2731-HMH-TER, 2017 WL 6026456 (D.S.C. Dec. 5, 2017) ("Plaintiff has not alleged . . . any actions [medical provider] SHP did or any policies enacted by SHP that caused Plaintiff harm. With the absence of allegations against SHP in the instant Complaint, SHP is not amenable to suit under § 1983 solely based on SHP being the employer of some of the individual defendants . . . Thus, dismissal of SHP is appropriate and recommended.")

Finally, the undersigned agrees with Defendant Well Path's argument that to the extent Plaintiff's complaint raises a claim for medical malpractice, he has failed to meet the mandatory pre-filing certification requirements. In North Carolina, a plaintiff alleging medical malpractice must comply with North Carolina Rule of Civil Procedure 9(j), which requires a plaintiff to include in his complaint an assertion that that an expert reviewed the medical care at issue and is willing to testify that the medical care did not comply with the applicable

9

standard of care. *See* N.C. R. Civ. P. 9(j). Failure to comply with Rule 9(j) is grounds for dismissal. *See Littlepaige v. United States*, 528 Fed. App'x 289, 292 (4th Cir. 2013); *Boula v. United States*, 1:11cv366, 2013 WL 5962935, at *2 (M.D.N.C. Nov. 7, 2013) (unpublished); *Moore v. Pitt Cnty Mem. Hosp.*, 139 F. Supp. 2d 712, 713-14 (E.D.N.C.2001).

The only exception to this rule is where "[t]he pleading alleges facts establishing negligence under the existing common-law doctrine of *res ipsa loquitur.*" N.C. R. Civ. P. 9(j)(3). "The doctrine of *res ipsa loquitor* applies when (1) direct proof of the cause of an injury is not available, (2) the instrumentality involved in the accident is under the defendant's control, and (3) the injury is of a type that does not ordinarily occur in the absence of some negligent act or omission." *Alston v. Granville Health Sys.*, 727 S.E.2d 877, 879 (N.C. Ct. App. 2012) (citation omitted); *see also Muhammad v. United States*, No. 5:11–CT–3126–FL, 2012 WL 3957473, at*6 (E.D.N.C. Sept. 10, 2012) (unpublished).

In his complaint, Plaintiff challenges the medical care he received at Guilford County Detention Center, specifically pointing to the negligence of "the medical staff." (Compl. at 5, 7 ("[D]ue to the negligence of the medical staff . . . my hand has gotten worse, my wrist won't soften or bend, and now the pain is growing.").) However, Plaintiff's complaint contains no assertions regarding review of any of his medical records by a medical professional or potential expert witness. (*See generally* Compl.) Nor has Plaintiff alleged facts and circumstances that support the application of *res ipsa loquitur* to his claim. (*Id.*) "Plaintiff's status as a prisoner does not excuse his failure to comply with Rule 9(j)'s pre-filing certification requirements." *Simmons v. Shelton,* No. 1:13CV566, 2015 WL 2345593, at *4 (M.D.N.C. May 14, 2015) (unpublished) (citing *Muhammad*, 2012 WL 3957473, at *5 n.2).

Therefore, to the extent that Plaintiff raises a claim for medical malpractice against Defendant Well Path, this claim should also be dismissed because his complaint does not contain the required Rule 9(j) certification. *See id.*; *Harris v. Poole*, No. 1:18CV378, 2019 WL 1584978, at *3 (M.D.N.C. Apr. 12, 2019) (unpublished), *report and recommendation adopted*, No. 1:18-CV-378, 2019 WL 2994462 (M.D.N.C. July 9, 2019).

Defendant Well Path's motion to dismiss should be granted for the reasons stated above. As such, the undersigned need not address the other arguments (including the argument that Plaintiff failed to exhaust his administrative remedies) Defendant Well Path raises in support of its motion. *See, e.g., Pegram v. Williamson,* No. 1:18CV828, 2020 WL 564136, at *5 (M.D.N.C. Feb. 5, 2020) (unpublished) ("[T]he Court need not resolve whether it should dismiss the claims against [defendant] at this stage of the proceedings based on Plaintiff's failure to exhaust administrative remedies, because . . . the Complaint fails to state a claim against [defendant].").

### III. CONCLUSION

For the reasons stated herein, **IT IS RECOMMENDED** that Defendant DVA Well Path Correct Care Solutions' motion to dismiss (Docket Entry 76) be **GRANTED** and that the claims against this Defendant be dismissed.

_____
Joe L. Webster
United States Magistrate Judge

March 25, 2021
Durham, North Carolina